IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TINA D. WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-373–HEH |
| ) | |
| ALONZO WINDLEY, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Dismissing the Amended Complaint)

THIS MATTER is before the Court on *pro se* Plaintiff Tina D. Woodson's ("Plaintiff") Amended Complaint, filed on July 8, 2022. (Am. Compl., ECF No. 4.) In a Memorandum Order, entered on June 14, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis*. In the same Order, the Court dismissed Plaintiff's Complaint without prejudice because it failed to state a claim upon which relief could be granted, but the Court gave Plaintiff leave to amend. (Order, ECF No. 2.) Plaintiff then filed her Amended Complaint. For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the

requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Congress enacted the federal *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, in part, to help district courts avoid the burden of baseless litigation. Per that statute, district courts have the authority to review and dismiss a complaint prior to filing. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (stating that dismissals under § 1915 are often "*sua sponte* . . . to spare prospective defendants the inconvenience and expense of answering complaints." (citation omitted)). The statute governing IFP filings provides that "the court shall dismiss the case at any time if the court determines that the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) ("28 U.S.C. § 1915(e) . . . governs IFP filings *in addition to* complaints filed by prisoners . . . ." (emphasis added)). The pleading standard against which a claim is analyzed for sufficiency under § 1915(e)(2)(B)(ii) is the same that would be used to analyze a claim challenged by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000)).

To survive a Rule 12(b)(6) challenge, a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In addition, the Court assumes a plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Plaintiff's Amended Complaint alleges that Alonzo Windley, Jr. ("Defendant") defamed, slandered, and violated her rights under Va. Code Ann. § 20-124.6 by preventing Plaintiff from accessing Plaintiff and Defendant's minor child's academic and medical records. (Am. Compl. at 4.) According to Plaintiff, Defendant "injured [her] reputation by presenting false information about [her] to those in influential positions in Hanover County" and to doctors who treated their child. (*Id.* at 3.) Plaintiff claims that Defendant's behavior has caused her emotional pain and wounded her relationship with their minor child. (*Id.* at 4.) Plaintiff further alleges that the Hanover County Circuit

3

Court, which was not named as a party to this suit, violated her Fourteenth Amendment Due Process rights by "disregarding the requirement to deem me unfit." (*Id.*)

Because the Amended Complaint "supersedes the original and renders it of no legal effect," the Court cannot consider any evidence that was included in the First Complaint but not the Amended Complaint. *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000)). With that in mind, and in viewing the facts most favorably toward the Plaintiff, she alleges that Defendant defamed and slandered her by making false statements about Plaintiff which harmed her reputation. (Am. Compl. at 3.) To state a cause of action for slander and defamation in Virginia, a plaintiff must show there was a "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013) (citation omitted). In order to be actionable, "the statement must be both false and defamatory." *Id.* Furthermore, "'pure expressions of opinion' are constitutionally protected and 'cannot form the basis of a defamation action.'" *Id.* (citing *Williams v. Garraghty*, 455 S.E.2d 209, 215 (Va. 1995)). While Plaintiff alleges that Defendant made false representations about Plaintiff that caused her reputational harm, she fails to support her allegations with evidence beyond making legal conclusions. (Am. Compl. at 3.)

Moreover, Plaintiff's Amended Complaint would not succeed even if the Court were to consider facts from the First Complaint. Plaintiff's First Complaint was dismissed, in part, for failure to provide sufficient facts to support her claims. (Order at

4

4–5.) Her Amended Complaint provides *even less* support for Defendant's allegedly defamatory conduct. (*Id.*) Plaintiff has not provided any facts showing a publication, false statements, or intent by Defendant. Accordingly, her Amended Complaint presents no plausible claim of defamation or slander.

Next, Plaintiff alleges that Defendant violated her "fundamental right as a parent" by withholding information regarding their minor child. (Am. Compl. at 4.) Plaintiff further claims that Defendant violated her rights by "[failing] to provide [her] with documentation that supported his choice to deny [her] access to [their] minor child's medical care." (*Id.*) Va. Code Ann. § 20-124.6 provides that "neither parent, regardless of whether such parent has custody, shall be denied access to the academic or health records . . . of that parent's child unless otherwise ordered by the court." However, in her Amended Complaint, as in her First Complaint, Plaintiff fails to allege what constitutional right is implicated here, or how Defendant is otherwise liable under this statute.

As this Court explained in its Order entered on June 14, 2022, no Virginia court has interpreted § 20-124.6 as creating an independent cause of action for a parent to sue another parent. Rather, Virginia courts have interpreted it as outlining parental rights regarding access to a child's records and the right of a custodian of those records to deny a parent access as it relates to custody determinations. *Sherfey v. Cushing*, Case No. CL-2011-16724, 2019 WL 11813617, at *7 (Va. Cir. Ct. Oct. 24, 2019) (assessing whether the minor's *medical doctor* sufficiently met the statute's standards for denial); *Canedo v. Canedo*, Case No. 0851-12-4, 2013 WL 708085, at *4 (Va. Ct. App. Feb 26, 2013)

5

(determining the *court* properly denied the wife's access to records). Thus, Plaintiff's Amended Complaint fails to state a plausible claim as to how Defendant violated her rights.

Plaintiff next alleges that the Hanover County Circuit Court violated her due process rights under the Fourteenth Amendment. (Am. Compl. at 4.) The Fourteenth Amendment provides in part that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend XIV, § 1. Plaintiff alleges that the Hanover County Circuit Court violated her constitutional rights by "[failing] to find [her] unfit . . . [thus] disregarding the requirement to deem [her] unfit." (*Id.*) While Plaintiff makes this allegation in her Amended Complaint, she has not named the Hanover County Circuit Court as a Defendant in this case.

Further, no such requirement exists under current federal or Virginia law. Va. Code Ann. § 20-124.3 articulates the legal standard for determining custody and visitation arrangements and describes ten factors to be considered by the reviewing court (e.g., the relationship existing between the parent and child, the child's needs, the child's preference, any history of family abuse, etc.). However, § 20-124.3 does not state that a court must decide the fitness of a parent in order to assign custodial rights. Moreover, the Virginia Supreme Court has held that a court does not need to establish that the custodial parent is unfit prior to removing the child from their custody. *See White v. White*, 213 S.E.2d 766, 769 (Va. 1975) (holding that the circuit court's award of child custody to the

father was proper when, although it did not establish that the mother was an unfit parent, it did show that the father's home was more suitable).

In support of her argument that a court must find the parent losing custody unfit, Plaintiff cites what she erroneously refers to as the "federal" case *Routten v. Routten*. (Am. Compl. at 3.) However, *Routten* is in fact a North Carolina state court case that was most recently reviewed by the North Carolina Supreme Court, which held that there is no state constitutional requirement that a court must find a parent unfit prior to awarding custody to the other parent. 843 S.E.2d 154, 155 (N.C. 2020). The North Carolina Supreme Court's holding overturned a prior ruling by the North Carolina Court of Appeals, which had determined that the trial court had impermissibly violated the constitutional due process rights of the mother when it removed the children from her custody and awarded rights to the father without first declaring the mother unfit. *Routten v. Routten*, 822 S.E.2d 436, 448 (N.C. Ct. App. 2018). Because (1) the North Carolina Court of Appeals' ruling was reversed by the North Carolina Supreme Court, (2) Virginia courts are not bound by the laws of another state, and (3) the United States Supreme Court refused to review the North Carolina Supreme Court's decision, *Routten* does not help Plaintiff's case. *See Routten*, 843 S.E.2d 154, *cert. denied*, 141 S. Ct. 1456 (2021). Accordingly, even if the Hanover County Circuit Court was a Defendant, Plaintiff presents no plausible claim for a violation of her Fourteenth Amendment due process rights.

Further, as explained in the Order entered on June 14, 2022, even if Plaintiff presented a plausible cause of action, this Court lacks jurisdiction under the domestic

relations exception to federal subject matter jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 690 (1992). While the Constitution does not mandate the exclusion of domestic relations cases from federal jurisdiction, as a matter of statutory interpretation, the Supreme Court has long held district courts lack jurisdiction in matters involving "divorce, alimony, or child custody." *Id.* Since any suit under § 20-124.6 would certainly require intervening with child custody decrees, this Court lacks jurisdiction. Therefore, after considering each allegation, this Court finds Plaintiff's Amended Complaint "fails to state a claim on which relief may be granted" and the case should be dismissed. 28 U.S.C. 1915(e)(2)(B)(ii).

The Court further believes that any further attempt by Plaintiff to amend her pleadings would be futile. Consequently, Plaintiff's Amended Complaint will be dismissed with prejudice. The Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's *in forma pauperis* status will be revoked for the purpose of appeal.

"Because a § 1915[(e)(2)(B)(i)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton*, 504 U.S. at 34. This dismissal, however, could trigger *res judicata* if Plaintiff files additional *in forma pauperis* petitions. *Id.*

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 28, 2022
Richmond, Virginia

9